UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-5968 WDK / CR 01-0959 WDK ✓ | Date | May 29, 2008 |
|---|---|---|---|

Title    United States v. McCaney

Present: The Honorable    William D. Keller, United States District Judge

| Patricia Gomez | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) Order DENYING Petitioner's Section 2255 Petition

    Before the Court is the petition of Donald Craig McCaney pursuant to 28 U.S.C. § 2255. McCaney claims that he was denied effective assistance of counsel before this Court and on appeal. Specifically, McCaney asserts that his counsel was ineffective in (1) not moving for dismissal of the indictment as altered by redaction of a co-conspirator's involvement in the alleged crimes and (2) not objecting to McCaney's life sentence on the basis that McCaney was not properly informed of the government's intent to seek a life sentence based on past felony narcotics convictions.

    An assertion of ineffective assistance of counsel requires that a petitioner demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) petitioner suffered prejudice, which means that "there is a reasonable probability that but for counsel's unprofessional performance, the outcome of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

    Petitioner does not establish ineffective assistance of counsel. Elimination from the indictment of the co-conspirator to whom the drugs were allegedly sent does not materially change the crime McCaney was charged with – sending PCP through the mail from Los Angeles to Texas as part of a conspiracy. The government was under no obligation to prove what was done with the drugs after they reached Texas to convict McCaney of the 21 U.S.C. § 846 charge, which only requires that he distribute a controlled substance as part of a conspiracy. As such, counsel was not ineffective in not raising this point. As to the life sentence, a information filed by the government four months before McCaney's first trial alleged two previous felony narcotics convictions against McCaney. This is sufficient to put a defendant on notice that he would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-5968 WDK<br>CR 01-0959 WDK | Date | May 29, 2008 |
|---|---|---|---|
| Title | United States v. McCaney | | |

subject to a life sentence for three felony narcotics convictions under 21 U.S.C. § 841(b)(1). See 21 U.S.C. § 851; United States v. Hamilton, 208 F.3d 1165, 1169 (9th Cir. 2000). Counsel was not ineffective for failing to object to notice as such an objection would have little merit. Furthermore, McCaney has not demonstrated, or even alleged, prejudice – i.e., that he would have pleaded guilty in exchange for a lesser sentence instead of proceeding to trial if he had been properly informed of the government's intent to seek a life sentence.

    McCaney's petition is DENIED.

IT IS SO ORDERED.

                                                                                                      0  :  0

Initials of Preparer    PG